IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JOSEPH CONN**, | Case No. 3:24-cv-1118-SI |
| Plaintiff, | **ORDER** |
| v. | |
| **MULTNOMAH CO. SHERIFF DEPT.,** and **JOHN DOES 1-5**, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

Plaintiff Joseph Conn, representing himself and currently in custody, sues the Multnomah County Sheriff's Department ("MCSD") and John Does 1-5. Plaintiff brings claims against Defendants under 42 U.S.C. § 1983, alleging that five unidentified individuals used excessive force against him. MCSD moves to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff also moves for appointment of counsel. For the reasons explained below, the Court grants MCSD's motion to dismiss and denies Plaintiff's motion for appointment of counsel.

**STANDARDS**

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual

allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, a court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The Court must draw all reasonable inferences from the factual allegations in favor of the plaintiff. *Newcal Indus. v. Ikon Off. Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The Court need not, however, credit a plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (quotation marks omitted).

A court must liberally construe the filings of a self-represented, or *pro se*, plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Further, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 923 n.4 (9th Cir. 2011) (quotation marks omitted). "Unless it is absolutely clear that no amendment can cure the defect, . . . a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (alteration in original) (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, however, every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This standard "does not require 'detailed factual allegations,'" but does demand "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

## BACKGROUND

Plaintiff filed his original complaint on July 9, 2024. ECF 2. Plaintiff alleged that on April 12, 2022, he was arrested and beaten up by the "Multnomah Sheriffs." *Id.* at 4. He alleges that he suffered broken ribs and a punctured lung, and that it took 45 minutes for the deputy sheriffs to provide Plaintiff with medical help. *Id.* at 4, 6. The Court *sua sponte* dismissed Plaintiff's complaint for failure to state a claim and ordered Plaintiff to file an amended complaint that describes how each named Defendant personally participated in the deprivation of

a federal right. ECF 7. The Court also ordered Plaintiff to show cause why the case should not be dismissed as untimely. *Id.*

Plaintiff then filed his First Amended Complaint ("FAC"). ECF 12. Plaintiff sues five officers as John Doe defendants. Plaintiff alleges that John Doe 1 injured Plaintiff while he was prone on the ground by dropping onto Plaintiff's ribs with his knee, and repeatedly kneeing Plaintiff until he broke three ribs and punctured his lung. *Id.* at 3. When Plaintiff was injured, he asserts that he asked for medical attention several times, and that John Does 2, 3, and 4 failed to address his serious physical injuries. *Id.* at 3-4. Finally, Plaintiff alleges that John Doe 5 allowed John Doe 1 to repeatedly knee Plaintiff when Plaintiff was not resisting. *Id.* at 4.

Plaintiff also filed his motion in response to the Court's Order to Show Cause, explaining that he recognizes that his lawsuit is untimely "by the letter of the law," but that he did not have access to a legal library or legal assistance for significant portions of his incarceration. ECF 21 at 1. The Court granted this motion to the extent that the Court permitted the case to proceed because the statute of limitations is a waivable defense. ECF 25. MCSD now moves to dismiss Plaintiff's FAC.

## DISCUSSION

### A.  Whether Plaintiff's Claims are Time-Barred

MCSD argues that Plaintiff's claims are time-barred, and that equitable tolling should not apply to extend the statute of limitations. Plaintiff acknowledges that he filed this lawsuit after the statute of limitations expired but explains that he was incarcerated and did not have access to a legal library or legal assistant during this time. ECF 21 at 1.

The statute of limitations for Plaintiff's claims is two years. "When, as here, a federal civil rights statute does not include its own statute of limitations, federal courts borrow the forum state's limitations period for personal injury torts . . . ." *Lukovsky v. City & County of San*

*Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008). "[A] state's residual personal injury statute of limitations, *not a range of specialized statutes of limitations*, should be applied to § 1983 claims." *Bonneau v. Centennial Sch. Dist. No. 28J*, 666 F.3d 577, 579 (9th Cir. 2012) (emphasis added). The residual statute is ORS § 12.110(1),[1] which establishes a two-year statute of limitations. *See Cooper v. City of Ashland*, 871 F.2d 104, 105 (9th Cir. 1989) ("Oregon's two-year statute of limitations for personal injury actions applies to actions under 42 U.S.C. § 1983.").

The conduct alleged in Plaintiff's complaint occurred on April 12, 2022, and Plaintiff filed his complaint on July 9, 2024, more than two years later. Plaintiff's complaint is therefore time-barred unless equitable tolling applies.

The Ninth Circuit "appl[ies] equitable tolling in situations where, despite all due diligence, the party invoking equitable tolling is unable to obtain vital information bearing on the existence of the claim." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1045 (9th Cir. 2011). The U.S. Supreme Court has explained that "equitable tolling pauses the running of, or 'tolls,' a statute of limitations when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action." *Lozano v. Montoya Alvarez*, 572 U.S. 1, 10 (2014). For § 1983 claims, however, federal courts apply the tolling doctrine of the forum state. *Two Rivers v. Lewis*, 174 F.3d 987, 992 (9th Cir. 1999).

MCSD argues that equitable tolling is rarely used under Oregon law. The Oregon Tort Claims Act contains no specific equitable tolling provision. Plaintiff provides no Oregon cases applying equitable tolling, and the Court was unable to find any. Accordingly, the Court must

---

[1] "An action for assault, battery, false imprisonment, or *for any injury to the person or rights of another*, not arising on contract, and not especially enumerated in this chapter, shall be commenced within two years. . . ." ORS § 12.110(1) (emphasis added).

determine how the Oregon Supreme Court likely would rule if determining whether equitable tolling would apply under the circumstances of this case. *In re Kirkland*, 915 F.2d 1236, 1239 (9th Cir. 1990) (stating that without specific state supreme court guidance, a federal court "must predict how the highest state court would decide the issue using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance"). There are Oregon cases guiding this determination.

In 1999, the Oregon Supreme Court stated that "various circumstances can toll [statutes of limitations'] expiration." *Shasta View Irrigation Dist. v. Amoco Chems. Corp.*, 329 Or. 151, 162 (1999). The court did not explain what those "various circumstances" were, although one cited example was when an insurer failed to give timely notice of the running of the statute of limitations after making advance payment for damages. Even Oregon tax courts have noted that in the nontax context, Oregon courts have applied equitable tolling for the statutes of limitations. *See, e.g.*, *Burns v. Multnomah Cnty. Assessor*, 2017 WL 2258974, at *2 (Or. T.C. May 23, 2017) ("In nontax contexts, other courts sometimes apply equitable tolling to set aside statutory deadlines.").

Courts in this district also have presumed that equitable tolling is available under Oregon law under at least some circumstances. *See, e.g.*, *Allen v. Nw. Permanente, P.C.*, 2013 WL 865967, at *6 (D. Or. Jan. 2, 2013) ("The doctrine of equitable tolling allows a plaintiff to avoid a statute of limitations if, despite the exercise of all due diligence he is unable to obtain vital information bearing on the existence of his claim. In other words, in Oregon, equitable tolling is available when circumstances outside the control of the affected party make it impossible to comply with a statute of limitations." (cleaned up)), *report and recommendation adopted as modified*, 2013 WL 865973 (D. Or. Mar. 7, 2013), *aff'd sub nom. Kobold v. Good*

*Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024 (9th Cir. 2016); *Rodriguez v. Williams*, 2010 WL 1542092, at *3 (D. Or. Feb. 25, 2010) (noting Oregon's history of applying equitable tolling and concluding equitable tolling may be available in some circumstances but not under the circumstances of that case), *report and recommendation adopted*, 2010 WL 1541962 (D. Or. Apr. 14, 2010), *aff'd*, 447 F. App'x 850 (9th Cir. 2011). Ninth Circuit opinions also provide some support for the proposition that Oregon accepts the doctrine of equitable tolling. *See, e.g.*, *Kobold*, 832 F.3d at 1048 (stating that "equitable tolling is used sparingly in Oregon" (cleaned up)); *Quillin v. Oregon*, 127 F.3d 1136, 1139 (9th Cir. 1997) ("However, it may be possible that the Oregon courts will invoke principles of equitable tolling in order to review these claims . . . .").

Given the discussions by Oregon courts and other courts applying Oregon law, as well as looking to the many state and federal jurisdictions that apply equitable tolling, the Court finds that the Oregon Supreme Court likely would apply equitable tolling under certain circumstances. Although Oregon courts have discussed "certain circumstances," "various circumstances," and that equitable tolling has been applied, the Court was unable to find an Oregon case delineating the circumstances under which equitable tolling has applied, should apply, or even stating a test for the application of equitable tolling. The Court need not set out a specific test that Oregon would apply, however, or explore the outer limits of a test under Oregon law, because the facts here clearly do not fall within the tests as described by the Supreme Court, Ninth Circuit, or other jurisdictions. The Court finds that the Oregon Supreme Court likely would reject the circumstances in this case under the general equitable tolling test.

The general equitable tolling test requires that a litigant establish: (1) that he or she has been pursuing his or her rights diligently; and (2) that some extraordinary circumstance stood in

his or her way. *See Credit Suisse Sec. (USA) LLC v. Simmonds*, 566 U.S. 221, 227 (2012); *Booth v. United States*, 914 F.3d 1199, 1207 (9th Cir. 2019); *see also* 51 Am. Jur. 2d Limitation of Actions § 155 (collecting cases). "The first element requires the effort that a reasonable person might be expected to deliver under his or her particular circumstances and asks whether the plaintiff was without any fault in pursuing his claim." *Booth*, 914 F.3d at 1207 (cleaned up). "The second element requires the litigant to show that extraordinary circumstances were the cause of his untimeliness and made it impossible to file the document on time." *Id.* (cleaned up).

Plaintiff has failed to establish that it was impossible for him to file his complaint on time. Although a lack of access to legal resources, especially for adults in custody, makes it more difficult to file documents, it does not make it impossible. In fact, Plaintiff quickly filed a Tort Claim Notice on June 13, 2022, during the time that he asserts that he did not have access to legal resources. ECF 21 at 1. Plaintiff also ultimately filed his complaint without legal assistance and does not explain what made it "impossible" to file his claims timely. Thus, the running of the statute of limitations was not due to extraordinary circumstances beyond Plaintiff's control and the Court does not apply equitable tolling. Plaintiff's claims are therefore time-barred. Because the Court finds that Plaintiff's claims are time-barred, it does not address whether Plaintiff fails to state a claim.

**B. Leave to Amend**

MCSD argues that any attempt by Plaintiff to amend his complaint would be futile because his claims are time-barred. Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that the "court should freely give leave [to amend a pleading] when justice so requires." A district court should apply Rule 15's "policy of favoring amendments . . . with extreme liberality." *Price v. Kramer*, 200 F.3d 1237, 1250 (9th Cir. 2000) (quotation marks omitted). Leave to amend is properly denied, however, if the proposed amendment is futile or would be

subject to immediate dismissal. *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011). When claims are time-barred, amendment is futile. *See Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059-60 (9th Cir. 2018) (holding that "amending the complaint would have been futile" and "the district court did not abuse its discretion in denying leave to amend" where the new claim would be time-barred); *Udom v. Fonseca*, 846 F.2d 1236, 1238 (9th Cir. 1988) ("Having held plaintiff's claims barred by the statute of limitations, the district court properly granted him leave to amend in order to state any claims that were not time-barred."). Accordingly, because Plaintiff's claims are time-barred and the Court has already provided Plaintiff with an opportunity to amend, the Court denies leave to amend as futile.

**C. Appointment of Counsel**

Plaintiff moves for appointment of counsel for the fourth time. ECF 28. The Court denies Plaintiff's motion for the reasons stated in the Court's Order dated August 12, 2024. ECF 6.

## CONCLUSION

The Court GRANTS MCSD's motion to dismiss, ECF 24, and dismisses this case with prejudice. The Court DENIES Plaintiff's fourth Motion for Appointment of Counsel, ECF 28.

**IT IS SO ORDERED.**

DATED this 20th day of March, 2025.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge